# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mary T. Thielke,<br><br>              Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>              Defendant. | Civil No. 11-CV-3538 (SRN/LIB)<br><br><br>**ORDER** |

Fay E. Fishman, Peterson & Fishman, 3009 Holmes Ave S, Minneapolis, MN 55408, Counsel for Plaintiff

Gregory G. Brooker and Ana H. Voss, United States Attorney's Office, 300 S 4th St Suite 600, Minneapolis, MN 55415, Counsel for Defendant

SUSAN RICHARD NELSON, United States District Judge

        This matter is before the undersigned United States District Court Judge on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated January 24, 2013. (R & R [Doc. No. 13].) Defendant Commissioner of Social Security ("the Commissioner") filed Objections to the R&R (Doc. No. 16) and Plaintiff Mary T. Thielke filed a Reply in response to Defendant's Objections. (Doc. No. 17). Based on a de novo review of those portions of the R&R to which Defendant objects, the Court adopts the R&R, grants Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment and remands the case for further proceedings consistent with this Order.

## I. BACKGROUND

The factual and procedural background of this matter is thoroughly detailed in the

Magistrate Judge's R&R and is incorporated herein by reference.  (R&R [Doc. No. 13].)

Briefly, between 2004 and 2008, Plaintiff was diagnosed with moderate obstructive sleep

apnea (Tr. at 459-60 [Doc. No. 5]), chronic fatigue syndrome (id. at 392), fibromyalgia (id.

at 577), myofascial pain syndrome (id.), and a history of ulcerative colitis (id.).  In October

of 2007, Dr. Carolyn Torkelson examined Plaintiff and found that she had poor or no ability

to deal with work stressors or to maintain attention and concentration. (Id. at 18.)  In 2009,

Dr. Ansari Azam diagnosed Plaintiff with obesity, obstructive sleep apnea, chronic fatigue

syndrome, fibromyalgia, inflammatory bowel, vitamin D deficiency, adjustment disorder

with depressed mood, and generalized anxiety. (Id. at 627.)

Plaintiff originally applied for disability insurance benefits on December 2, 2005,

claiming that she became disabled on January 1, 2005. (Id. at 13.)  Her disability claim was

based on her diagnoses of chronic fatigue syndrome, sleep apnea, idiopathic hypersomnia,

fatigue, and lack of concentration. (Pl.'s Mem. Supp. Mot. for Summ. J. at 2-3 [Doc. No.

7].)  Following a hearing before an administrative law judge ("ALJ"), her claim was denied

on January 22, 2008. (Tr. at 112-27 [Doc. No. 5].)  Subsequently, the Appeals Council

vacated the decision and remanded it for further proceedings.  The remand instructions

specifically directed the ALJ to consider whether Plaintiff's obesity constituted a severe

impairment, and if so, how it affected Plaintiff's ability to perform physical activity. (Id. at

130.)  The ALJ was also ordered to consider Plaintiff's chronic fatigue syndrome under the

guidelines of Social Security Ruling 99-2p. (Id. at 131.)

A second administrative hearing was held on June 24, 2010. (Id. at 67-97.)  On

August 24, 2010, ALJ Larry Meuwissen issued a partially favorable decision, awarding

Plaintiff benefits beginning on December 21, 2009. (Id. at 9-28.)  In making his

determination, ALJ  Meuwissen determined that Plaintiff had a residual functional capacity

("RFC") for "sustained competitive work only at an <u>unskilled</u> sedentary level as defined in

20 CFR 404.1567(a) with no use of ropes, ladders or scaffolds, nor work around hazardous

machinery or at unprotected heights." (Id. at 21-22) (emphasis original).  Plaintiff appealed

the ALJ's decision, asserting an earlier disability onset date of January 1, 2005.  Plaintiff's

claim was denied by the Commissioner, (id. at 1-7), thus permitting Plaintiff to seek judicial

review.  <u>Grissom v. Barnhart</u>, 416 F.3d 834, 836 (8th Cir. 2005).  After commencing this

action, Plaintiff moved for summary judgment as to the unfavorable portion of the

Commissioner's decision. (Pl.'s Mot. for Summ. J. [Doc. No. 6].)  Defendant in turn moved

for summary judgment seeking this Court's affirmance of the decision of the Commissioner

in its entirety. (Def.'s Mot. for Summ. J. [Doc. No. 9].)

## II. DISCUSSION

### A.  Standard of Review

As noted, the Court conducts a de novo review of any portion of the Magistrate

Judge's opinion to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Summary judgment must be granted, entitling the

movant to judgment as a matter of law, if the movant shows that no genuine disputes of

material fact exist.  Fed. R. Civ. P. 56.

It is within the power of this Court "to enter, upon the pleadings and transcript of the

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

This Court must affirm the Commissioner's decision to deny benefits if it conforms to the

law and is "supported by substantial evidence." 42 U.S.C. § 405(g).  This standard is

defined as "less than a preponderance, but enough so that a reasonable mind might find it

adequate to support the conclusion."  Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993).

Thus, if it is possible for this Court "to draw two inconsistent positions from the evidence

and one of those positions represents the agency's findings," this Court must uphold those

findings.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir.1992).  In order to assess the

substantial nature of the evidence supporting the decision of the ALJ, this Court must

consider the record as a whole.  Hutsell v. Sullivan, 892 F.2d 747, 748–49 (8th Cir.1989).

    The Defendant's objections take exception with three findings made by the

Magistrate Judge regarding the ALJ's RFC determination: (1) that the ALJ improperly

discounted the opinions of Plaintiff's treating physicians; (2) that the ALJ erred in his

analysis of the credibility of Plaintiff's subjective complaints; and (3) that the ALJ

improperly relied on the vocational expert's testimony because that testimony was based on

a faulty hypothetical.

### B.  The Medical Opinions of Plaintiff's Treating Physicians

    As the Magistrate Judge explained in the R&R, an ALJ must evaluate every medical

opinion in the record in order to make an RFC determination.  20 C.F.R. § 404.1527(c).

The ALJ must give a treating or examining physician's opinion controlling weight if it is

not inconsistent with the substantial evidence in the record and it is "well supported by

medically acceptable clinical and laboratory diagnostic techniques." Heino v. Astrue, 578 F.3d 873, 879 (8th Cir. 2009). If the treating physician's opinion is not given controlling weight, the ALJ must explain the reasoning behind that decision. 20 C.F.R. § 404.1527(e)(2)(ii); Willcockson v. Astrue, 540 F.3d 878, 880 (8th Cir. 2008).

In his findings of fact and conclusions of law, the ALJ gave little weight to the opinions of the two treating physicians in this case – Dr. Torkelson and Dr. Azam. (Tr. at 18, 21[Doc. No. 5].) In contrast, the ALJ gave great weight to the opinions of the state agency medical consultants because they were "generally consistent with the weight of the evidence" and because "the state agency consultants are familiar with the regulations under which disability determinations are made." (Id. at 21.) The Magistrate Judge found that the ALJ did not appropriately weigh the medical opinions of the treating physicians in coming to his RFC determination.

Despite the fact that the remand instructions specifically directed the ALJ to consider whether Plaintiff's obesity constituted a severe impairment and, if so, how it affected Plaintiff's ability to perform physical activity, the ALJ failed to explain how the RFC in fact accounted for any limitations that the Plaintiff may have because of this impairment. In the absence of any such explanation, this Court cannot evaluate whether the ALJ's conclusion is supported by substantial evidence in the record. Moreover, despite the fact that SSR 02-1p addresses the fact that obesity, when combined with sleep apnea, may cause daytime drowsiness or lack of mental clarity during the day, and Dr. Torkelson opined that Plaintiff's fatigue would frequently interfere with her attention and concentration, the ALJ rejected Dr. Torkelson's opinion without any discussion of the interplay between obesity

and sleep apnea. [1]

Further, despite the fact that the remand instructions specifically directed the ALJ to consider Plaintiff's chronic fatigue syndrome under the guidelines of SSR 99-2p, the ALJ never did so. And even though SSR 99-2p emphasizes the importance placed on a treating physician's opinion about chronic fatigue syndrome, the ALJ instead adopted the RFC opinions of consulting physicians who never met or examined Plaintiff.

Accordingly, the Court agrees with the Magistrate Judge's finding that the ALJ improperly weighed the medical opinions of Plaintiff's treating physicians. The ALJ did not adequately explain why he determined that Dr. Torkelson's opinion was inconsistent with the record. He improperly rejected her opinion over those of consulting physicians who never met or examined the Plaintiff. And finally, the ALJ failed to adequately explain why he found Dr. Azam's opinion to be inconsistent with the record.

### C. The Plaintiff's Credibility

The Magistrate Judge also properly found that the ALJ erred in his assessment of the Plaintiff's credibility in reporting her subjective complaints.

As the Magistrate Judge explained, the ALJ must consider the following factors when analyzing the credibility of Plaintiff's subjective complaints: (1) daily activities, (2)

---

[1] The Court acknowledges that in two decisions of the Eighth Circuit Court of Appeals, the Court declined to reverse the ALJ's decision, although the ALJ failed to state his reasoning, because the record indicated that the ALJ had taken the plaintiff's obesity into consideration. Heino, 578 F.3d at 881-2; Thomson v. Astrue, 226 F.App'x 617, 620 (8th Cir. 2007). Here, however, the Appeals Council remanded with specific instructions to consider obesity and the ALJ cannot support his rejection of Dr. Torkelson's opinion without some explanation of the extent to which her obesity, when coupled with Plaintiff's other conditions, such as sleep apnea, affected her chronic fatigue.

duration, frequency, and intensity of pain, (3) precipitating and aggravating factors, (4)

dosage, effectiveness and side effects of any medication, and (5) any functional restrictions.

(R&R at 24 [Doc. No. 9]) (citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).

The ALJ may not discount a claimant's credibility solely because the objective evidence

does not fully support his subjective complaints, but may discount credibility based on

inconsistencies in the record as a whole. (Id.) (citing Ellis v. Barnhart, 392 F.3d 988, 996

(8th Cir. 2005)).  Finally, the ALJ's ruling must stand if it is supported by substantial

evidence and good reasoning, Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005), and

if the ALJ explained the inconsistencies that led the ALJ to discount the claimant's

credibility, Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003).

     In his objections, Defendant argues that the ALJ's credibility assessment was proper

because Plaintiff was able to perform a number of activities such as reading¸ household

chores, travelling, and working part time.  In the R&R however, the Magistrate Judge

correctly noted that a claimant's participation in activities such as cooking, cleaning, and

hobbies does not necessarily constitute substantial evidence of an individual's ability to

engage in substantial gainful activity. (R & R at 26 [Doc. No. 9]) (citing Brosnahan v.

Barnhart, 336 F.3d 671, 677 (8th Cir. 2003)). The Magistrate Judge further found the ALJ's

credibility analysis deficient by noting that, while the ALJ found Plaintiff was "active," he

failed to consider her statement that she requires one-to-three hour naps every afternoon.

(Tr. at 16, 265 [Doc. No. 5].)  This statement is clearly important to Plaintiff's primary

claim of fatigue. Furthermore, the Magistrate Judge correctly observed that working part

time "does not necessarily preclude disability." (R & R at 25[Doc. No. 9]) (citing Cline v.

Sullivan, 939 F.2d 560, 565-66 (8th Cir. 1991)).

For these reasons, this Court finds that there is substantial evidence in the record that the ALJ erred in his analysis of Plaintiff's credibility.

### D.  Vocational Expert Testimony

The Magistrate Judge was correct in finding that the ALJ improperly relied on the vocational expert's testimony. (Id.) (citing Lauer v. Apfel, 245 F.3d 700, 706 (8th Cir. 2001)).  The ALJ's RFC determination was deficient, for the reasons set forth in this Order, and consequently cannot constitute substantial evidence in the record upon which to base a hypothetical question. (Id.)  Because the vocational expert's response to the hypothetical question relied on the faulty RFC, it is therefore deficient. (Id.)  This Court agrees with the Magistrate Judge's reasoning, and with his conclusion that further vocational testimony may be required upon remand. (Id.)

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court adopts the R&R;

2. Plaintiff's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**;

3. Defendants' Motion for Summary Judgment (Doc. No. 9) is **DENIED**; and

4. This case is **REMANDED** for further proceedings consistent with this Order and pursuant to Sentence Four of 42 U.S.C. § 405(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 12, 2013            s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge