# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mary T. Thielke,<br><br>       Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 11-CV-3538 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Fay E. Fishman, Peterson & Fishman, P.L.L.P., 3009 Holmes Avenue South, Minneapolis, Minnesota 55408, for Plaintiff.

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Mary T. Thielke's Petition for Attorney's Fees [Doc. No. 21] in the amount of $8,091.64, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons set forth below, the Court grants the Petition.

## II.    BACKGROUND

The factual and procedural background of this matter has been discussed in both the Magistrate Judge's January 24, 2013, Report and Recommendation ("R&R") [Doc. No. 13], and this Court's March 12, 2013, Order [Doc. No. 19] adopting that R&R. Briefly stated,

Plaintiff applied for disability insurance benefits on December 2, 2005, claiming that she became disabled on January 1, 2005. Her disability claim was based on her diagnoses of chronic fatigue syndrome, sleep apnea, idiopathic hypersomnia, fatigue, and lack of concentration. Her claim was denied on January 22, 2008, following a hearing before an administrative law judge ("ALJ"). The Social Security Appeals Council subsequently vacated the decision and remanded the case for further proceedings. The remand instructions directed the ALJ to consider whether Plaintiff's obesity constituted a severe impairment, and if so, how it affected her ability to perform physical activity. The ALJ was also ordered to consider Plaintiff's chronic fatigue syndrome under the guidelines of Social Security Ruling ("SSR") 99-2p.

A second administrative hearing was held on June 24, 2010. On August 24, 2010, the ALJ issued a partially favorable decision, awarding Plaintiff benefits beginning on December 21, 2009. Plaintiff sought review of the decision. The request was denied, and Plaintiff sought judicial review in this Court of Defendant Commissioner of Social Security's ("the Commissioner") final decision.

After commencing this action, Plaintiff moved for summary judgment as to the unfavorable portion of the Commissioner's decision. Defendant then moved for summary judgment seeking this Court's affirmance of the Commissioner's decision. The summary judgment motions were referred to the Magistrate Judge. On January 24, 2013, the Magistrate Judge recommended granting Plaintiff's motion, denying Defendant's motion, and remanding the case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Report and Recommendation dated Jan. 24, 2013 ("R&R") at 27 [Doc. No. 13].)

The R&R provides a detailed basis for the Magistrate Judge's recommendation that the case be remanded. First, the Magistrate Judge found that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") was deficient. While the ALJ mentioned SSR 02-1p regarding evaluation of obesity in making that assessment, he did not explain his analysis. (Id. at 21–22.) In addition, the ALJ failed to mention SSR 99-2p, relating to chronic fatigue syndrome, in making the RFC determination. (Id. at 22.) Instead, the ALJ adopted the RFC opinions of consulting physicians who never met Plaintiff over the opinion of her treating physician, without acknowledging the weight to be placed on a treating physician's opinion pursuant to SSR 99-2p. (Id. at 23.) The ALJ also merely acknowledged, without discussing, the report prepared by Plaintiff's significant other corroborating Plaintiff's subjective complaints, despite SSR 99-2p's suggestion that such reports be carefully considered. (Id. at 24.) Second, the Magistrate Judge found the ALJ's credibility analysis to be deficient because the ALJ mischaracterized evidence relating to Plaintiff's work activity and left out important evidence regarding her daily routine and the quality of her activities. (Id. at 25–26.) Finally, the Magistrate Judge found that the ALJ's reliance on the vocational expert's testimony was improper because it was based on a deficient RFC determination. (Id. at 26–27.)

In adopting the R&R, this Court found that the ALJ improperly weighed the medical opinions of Plaintiff's treating physicians in making the RFC determination and, despite specific instructions, failed to provide analysis under SSR 02-1p and disregarded SSR 99-2p. (Order dated Mar. 12, 2013, at 4–6 [Doc. No. 19].) This Court also found that there is substantial evidence that the ALJ erred in his analysis of Plaintiff's credibility. (Id. at 6–8.)

Finally, this Court found that the vocational expert's testimony was deficient because it was in response to a hypothetical question based on a faulty RFC determination. (Id. at 8.)

Plaintiff filed her Petition for Attorney's Fees [Doc. No. 21] on March 27. Plaintiff seeks compensation for 39.2 hours expended by her counsel in the prosecution of this case in federal court, as well as 2.8 hours in preparing the fee petition, at an hourly rate of $184.32. (See Pet. for Atty.'s Fees ¶ 9 ("Pet.") [Doc. No. 21]; Fishman Aff. ¶¶ 5–7 & Ex. [Doc. No. 23].)[1] These fees total $7,741.44. (Pet. ¶ 9.) Plaintiff also seeks compensation for an additional 1.9 hours spent preparing the reply brief relating to the fee petition, for a cumulative total of $8,091.64. (See Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Atty. Fees Under the EAJA at 5 [Doc. No. 28].)

## III. DISCUSSION

Plaintiff seeks her attorney's fees in this matter pursuant to the EAJA, 28 U.S.C. § 2412(d). That statute provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1] Paragraph 9 of the Petition states that Plaintiff's attorney spent 39.2 hours preparing the fee petition papers and 2.8 hours prosecuting the case. However, it appears from the affidavit of Plaintiff's attorney, and the Itemization of Services attached to that affidavit, that the numbers were inadvertently transposed in the Petition. (See Fishman Aff. ¶¶ 5–6 & Ex. [Doc. No. 23].) In addition, while Paragraph 2 of counsel's affidavit lists an incorrect name for Plaintiff, it is evident from the caption on the affidavit and the Itemization of Services that the amount of fees requested pertains to Plaintiff.

28 U.S.C. § 2412(d)(1)(A). In addition,

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B). Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." Id. § 2412(d)(2)(A).

A plaintiff bears the initial burden to establish that she was a "prevailing party." Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). "The Supreme Court has recognized that a social-security plaintiff who obtains a 'sentence-four' remand . . . is a prevailing party under the EAJA." Johnson v. Astrue, Civ. No. 10-4676 (RHK/AJB), 2012 WL 1593225, at *1 (D. Minn. May 7, 2012) (citing Shalala v. Schaefer, 509 U.S. 292, 302 (1993)). Once a party establishes that she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position. Huett, 873 F.2d at 1155. The Commissioner must show that her "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen,

855 F.2d 613, 615 (8th Cir. 1988) (citing 28 U.S.C. § 2412(d)(2)(D) (Supp. IV 1986)). "Substantially justified means 'justified to a degree that could satisfy a reasonable person.'" Bah v. Cangemi, 548 F.3d 680, 683 (8th Cir. 2008) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). Therefore, "[a] substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Id. at 683–84 (quoting Pierce, 487 U.S. at 566 n.2).

Because the substantial evidence and substantial justification standards are different, "[t]he Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole." Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary. Because the standards are "neither semantic nor legal equivalents," the Secretary can lose on the merits of the disability question and win on the application for attorney's fees.

Id. (internal citations omitted).

In this case, Plaintiff was the prevailing party because she obtained a remand pursuant to Sentence Four of 42 U.S.C. § 405(g). Therefore, the burden is on the government to demonstrate that its position was substantially justified. The Commissioner maintains that her[2] position was substantially justified because (1) the

---

[2] Michael J. Astrue was the Commissioner of Social Security during the previous stages of this matter. However, the current Acting Commissioner is Carolyn W. Colvin.

Court did not find that the Commissioner's positions on the issues of weight given to opinions by treating doctors and Plaintiff's credibility were devoid of a reasonable basis in the law or that the evidence did not support the ALJ's findings, but rather that the ALJ simply failed to articulate his reasoning; and (2) the remanded issues are not so pervasive as to render the overall position unreasonable. (See Def.'s Resp. to Pl.'s Pet. for Atty.'s Fees at 3–4 [Doc. No. 25].)

The Commissioner has not met her burden of establishing that the positions taken by the government were substantially justified. As previously indicated by both the Magistrate Judge and this Court, the Commissioner's positions regarding the evaluation of obesity under SSR 02-1p, chronic fatigue syndrome, the weight of the treating doctors' opinions, and Plaintiff's credibility were devoid of a reasonable basis in law and fact. As for the ALJ's ruling on obesity, the ALJ merely mentioned SSR 02-p1 in reaching a conclusion, without explaining his reasoning. In addition, the ALJ failed to consider SSR 99-2p, a well-established social security ruling on chronic fatigue syndrome, despite specific instructions to do so on remand from the Social Security Appeals Council. Accordingly, he failed to acknowledge the importance of a treating physician's opinion under that rule. Therefore, the ALJ's resulting RFC determination was deficient and led to unreliable testimony from the vocational expert. In addition, the ALJ failed to consider important evidence when analyzing Plaintiff's credibility. These numerous and substantial errors amount to more than a lack of articulation by the ALJ. Therefore, the Court finds that the Commissioner's position, even when considered in the totality of the circumstances, was not substantially justified. See Fraction v. Bowen, 859 F.2d 574, 575

(8th Cir. 1988) (finding that the government's position was not substantially justified where the government failed, "contrary to clearly established circuit precedent, to evaluate all the evidence concerning the claimant's subjective complaints . . . and to fully develop the record").

Based on the foregoing, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA. The Commissioner has not challenged the amount requested. Because the Court finds that the $184.32 per hour rate is reasonable in light of the increase in the cost of living since enactment of the $125.00 statutory rate guideline in 1996, Plaintiff is awarded her attorney's fees in the amount of $8,091.64.[3] The Court will, however, allow the government sixty days to determine whether any portion of that fee award is subject to offset and to remit the balance due after application of any appropriate offset.[4]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Petition for Attorney's Fees [Doc. No. 21] is **GRANTED**;

2. Plaintiff is awarded $8,091.64 in reasonable attorney's fees, subject to offset by any preexisting debt that Plaintiff owes to the United States; and

---

[3] Plaintiff requests that the fees be paid to her attorney. (See Mem. of Law in Supp. of Pet. for Atty.'s Fees at 5 [Doc. No. 22].) However, EAJA fee awards are paid to the prevailing party rather than to her attorney. Dornbusch v. Astrue, No. 09-CV-1734 (PJS/JJG), 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011) (citing Astrue v. Ratliff, 130 S. Ct. 2521, 2525–26 (2010)). Moreover, Plaintiff has not submitted an assignment of her rights.

[4] "Fees recovered pursuant to the EAJA are subject to a federal administrative offset if the prevailing party has outstanding debts to the federal government." Dornbusch, 2011 WL 779781, at *1 (citing Ratliff, 130 S. Ct. at 2527) (allowing the government sixty days to determine whether the EAJA fee award was subject to offset and to remit the balance due after any offset was applied).

3. Defendant shall pay the above-awarded fees, minus any applicable offset, to Plaintiff by October 22, 2013.


Dated: August 22, 2013                    s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge